NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GALENA GOINS; SONIA LOPEZ;
TERRY A. JONES-JACKSON,

          Plaintiffs - Appellants,

  v.

UNITED PARCEL SERVICE, INC.,

          Defendant - Appellee.

No. 24-4842

D.C. No.
4:21-cv-08722-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 4, 2025
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.
Concurrence by Judge RAWLINSON.

Galena Goins, Sonia Lopez, and Terry Jones-Jackson (collectively,

"plaintiffs") appeal the district court's grant of summary judgment in favor of their

employer, United Parcel Service, Inc., on their claims alleging unlawful

employment discrimination on the basis of sex. Plaintiffs brought claims under

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12940 *et seq.* Jones-Jackson individually brought additional claims under the Equal Pay Act (EPA), 29 U.S.C. § 206(d), and the California Equal Pay Act (CEPA), Cal. Lab. Code § 1197.5. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). We review for abuse of discretion a district court's denial of a motion to modify a scheduling order, *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007), and a district court's refusal to continue a hearing on summary judgment pending further discovery, *SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).

1. Plaintiffs challenge the district court's order partially denying UPS's motion to dismiss, arguing that the court mischaracterized their surviving claims by conflating the legal requirements of a Title VII claim with the elements of a failure-to-accommodate claim under the Americans with Disabilities Act. Because plaintiffs prevailed in that order—that is, the court *denied* the motion to dismiss in relevant part and allowed the case to proceed—plaintiffs lack standing to challenge it. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999). Insofar as plaintiffs believe that the district court misunderstood their claims or applied the

wrong legal standard in ruling on the motion for summary judgment, plaintiffs can raise those issues in their challenge to the district court's summary judgment order.

2. We analyze plaintiffs' disparate treatment claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To survive a motion for summary judgment, Title VII plaintiffs must first make out a prima facie case of discrimination by showing (1) that they are members of a protected class, (2) that they were qualified for their positions and performing their jobs satisfactorily, (3) that they experienced adverse employment actions, and (4) that "similarly situated individuals outside [their] protected class were treated more favorably." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (alteration in original) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). If a prima facie case is established, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action, after which the burden shifts back to plaintiffs to show that the employer intentionally discriminated. *Opara v. Yellen*, 57 F.4th 709, 721–24 (9th Cir. 2023). FEHA claims are governed by the same framework. *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1103 (Cal. 2000).

Plaintiffs fail to make out a prima facie case of discrimination. It is undisputed that plaintiffs, as women, are members of a protected class, and we assume without deciding that plaintiffs were qualified for their positions. As to

prong three, plaintiffs assert that they suffered an adverse employment action when UPS refused to accommodate their mobility limitations despite informally accommodating male employees' similar injuries. Although failure to accommodate is not a cognizable adverse employment action in a sex-discrimination case under FEHA, *Doe v. Department of Corr. & Rehab.*, 255 Cal. Rptr. 3d 910, 923 (Ct. App. 2019), we assume without deciding that failure to accommodate can be an adverse action under Title VII. Nevertheless, because plaintiffs fail to identify similarly situated male comparators who were treated more favorably by UPS under prong four, they cannot establish a prima facie case under *McDonnell Douglas*.

To show that plaintiffs were similarly situated to male comparators, they must show that their roles were "similar in all material respects" to those of the comparators. *Hawn*, 615 F.3d at 1156 (emphasis omitted) (quoting *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009)). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Plaintiffs have not demonstrated that they and their comparators shared a common core of tasks or performed similarly. Plaintiffs' factual allegations on this point are cursory, lacking details about their male colleagues' positions, job responsibilities, and performance. *See FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168,

1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

3. The district court correctly granted summary judgment to UPS on Jones-Jackson's EPA and CEPA claims. Under the EPA and CEPA, plaintiffs must show that "employees of the opposite sex were paid different wages for equal work." *Stanley v. University of S. California*, 178 F.3d 1069, 1073–74 (9th Cir. 1999) (EPA); *Green v. Par Pools, Inc.*, 3 Cal. Rptr. 3d 844, 846 (Ct. App. 2003) (CEPA). Plaintiffs must demonstrate that the compared jobs are "substantially equal," which courts evaluate by looking to (1) whether the jobs share a "common core of tasks" and (2) whether any additional tasks make the jobs "substantially different." *Stanley*, 178 F.3d at 1074 (citations omitted).

The district court correctly found that Jones-Jackson did not establish a prima facie case of discrimination because she did not identify a male comparator who had a substantially equal job. Jones-Jackson has not shown that she and her comparator shared a common core of tasks, nor has she rebutted UPS's evidence that Jones-Jackson was paid less than a male colleague of the same seniority because they had different job classifications and skill levels.

4. The district court did not abuse its discretion by partially denying plaintiffs' motion to modify the scheduling order because plaintiffs failed to

demonstrate the requisite diligence. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause." Good cause requires a showing of diligence, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), but plaintiffs waited until the last minute to conduct the depositions at issue and rebuffed UPS's attempts to meet and confer on the Rule 30(b)(6) deposition topics.

The district court also did not abuse its discretion in denying additional discovery under Rule 56(d) because, as the requesting party, plaintiffs were required to set forth by affidavit "the specific facts [they] hope[d] to elicit from further discovery," that the facts they sought existed, and "that the sought-after facts [were] essential to oppos[ing] summary judgment." *See Family Home & Fin. Ctr., Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). In addition, "the failure to conduct discovery diligently is grounds for the denial of a Rule [56(d)] motion." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002). We agree with the district court that plaintiffs did not provide specifics about the particular facts they expected additional discovery to uncover, nor did they show that the facts they sought actually existed and were essential to opposing summary judgment. And plaintiffs do not meaningfully challenge the district court's finding that they "show[ed] an extreme lack of diligence" by relying on

non-party agency records for materials that were readily available from party discovery.

       **AFFIRMED.**



***Goins v. UPS, Inc.*, Case No. 24-4842**
**Rawlinson, Circuit Judge, concurring in the result:**

I concur in the result.

1